# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL GREENLEE, et al.,

                Plaintiffs,      :      Case No. 3:16-cv-064

   -  vs  -                                Magistrate Judge Michael R. Merz

SANDY'S TOWING AND RECOVERY,
  INC., et al.,

                Defendants.      :

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

This case is before the Court on Plaintiffs' second Motion for Summary Judgment (ECF No. 15).  Defendants have responded with a Motion under Fed. R. Civ. P. 56(d) for denial of summary judgment until they can conduct discovery (ECF No. 20).

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing

that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and

> admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n*., 968 F. 2d 606, (6th Cir. 1992).

## APPLICATION

This is the second motion for summary judgment filed by Plaintiffs prior to the preliminary pretrial conference. That conference was set for April 28, 2016, by Order filed March 18, 2016 (ECF No. 16). By the terms of that Order and the Federal Rules of Civil Procedure, the parties should have held a discovery conference not later than April 7, 2016, and should be filing the required Fed. R. Civ. P. 26(f) report not later than fourteen days after that conference was held. This Court's standard form for Rule 26(f) report requires the parties, *inter alia*, to recommend cut-off dates for discovery and for the filing of summary judgment motions.

While Fed. R. Civ. P. 56 does not preclude filing a motion for summary judgment before the initial pretrial conference, the process embodied in the Civil Rules presumes a period of discovery before such a motion is filed. Plaintiffs implicitly assert no discovery is needed because "Defendants cannot produce any evidence to support their claims, defenses, denials and averments as a matter of law." (Motion, ECF No. 15, PageID 272).

Plaintiffs' Motion is not supported by any evidentiary material whatsoever. It criticizes Defendants' Answer for being a bare-bones pleading, but that is what pleadings in federal court

4

are supposed to be.  Plaintiffs do not purport to seek partial summary judgment, but their Complaint of over one-half billion dollars (Complaint, ECF No. 1, PageID 83).  Nothing yet filed in the case supports an award of that amount of money on a summary judgment motion.

The Motion for Summary Judgment is DENIED without prejudice to its renewal in accordance with the scheduling order to be adopted after pretrial conference.

April 15, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
