# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL T. GREENLEE, et al.,

                Plaintiffs      :      Case No. 3:16-cv-064

                                      District Judge Walter Herbert Rice
- vs -                                Magistrate Judge Michael R. Merz

SANDY'S TOWING AND
 RECOVERY, INC., et al.,

                Defendants.      :

## DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

      This case is before the Court on Plaintiffs' Motion to Reconsider the Judgement [sic] Rendered Pursuant to the Plaintiffs' Motion for Replevin accompanied by an "Affidavit of the Evidence" by Plaintiff Kiel T. Greenlee (ECF No. 35).

      Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.  They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

1

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Plaintiffs do not assert they have discovered any new evidence and there is hardly likely to have been any intervening authority since the order for which reconsideration is sought was filed May 13, 2016, and the Motion for Reconsideration was filed May 18, 2016. Plaintiffs do, however, assert a manifest error of law by the Court in its application of Ohio Revised Code § 4513.61.

First of all to dispel a misconception, the Court has **not** decided that Defendants are not liable for their actions in towing and storing Plaintiffs' vehicle. Fed. R. Civ. P. 64, under which the Motion for Replevin was made, provides for federal courts to use pre-judgment actions available in the courts of the forum if needed "to secure satisfaction of the potential judgment." The Court decided that Plaintiffs did not need possession of the car before judgment in order to be secure in the enforcement of a judgment of possession should one be issued by the Court after litigation (Decision and Order, ECF No. 33, PageID 381).

More fundamentally, Plaintiffs' argument betrays a common misunderstanding of the interpretation and application of statutes. Plaintiffs' argue "[t]his statute must be strictly construed as it is very clear and concise in its language." (Motion, ECF No. 35, PageID 388). Again, "[t]his Court is not in any position to make interpretations of R.C. 4513.61 as it conveys a clear and definite meaning." *Id.* at PageID 390.

No statute can possibly be applied without interpreting it. It is, of course, well settled that the first step in determining the meaning of a statute is to review the language of the statute itself. *United States v. Alvarez-Sanchez*, 511 U.S. 350 (1994); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241(1989); *The Ltd., Inc. v. Comm'r,* 286 F.3d 324, 332 (6th Cir.

2002); *United States v. Johnson*, 855 F.2d 299 (6th Cir. 1988).  But the language of a statute is reviewed to understand its meaning.  "'The meaning of statutory language, plain or not, depends on context.'"  *Brown v. Gardner*, 513 U.S. 115 (1994)(citing *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991).  The meaning of language is inherently contextual.  *Moskal v. United States,* 498 U.S. 103, 108 (1990).  Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."  *Mitchell v. Chapman*, 343 F.3d 811, 825  (6th Cir. 2003) (*quoting Lake Cumberland Trust, Inc. v. EPA,* 954 F.2d 1218, 1222 (6th Cir. 1992)).

> In interpreting a statute a court should:
>
> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.  "It is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meeting."  *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir. 1945)(L. Hand, J.)   In interpreting Ohio Revised Code § 4513.61, the Court has attempted to be faithful to these precepts.

As set out in the Decision and reinforced strongly by the instant Motion, Plaintiffs' theory is that Ohio Revised Code § 4513.61(F) imposes on a towing service and storage facility

every duty that is imposed by the rest of the statute of law enforcement authorities. That reading fails to give meaning to many of the words in this statute. For example, § 4513.61(C)(1) imposes a duty on the sheriff or chief of police who orders a vehicle into storage to make a search of the BMV records to determine who the owner is. That duty is very plainly imposed on the law enforcement officer who makes the tow order, not on the towing service. Ohio Revised Code § 4513.61(D) imposes on law enforcement the duty to file an affidavit with the county clerk of courts of compliance with the section if the car is to be sold at public auction. That duty is also imposed on law enforcement, not the towing service. Plaintiffs' interpretation of the statute would somehow make the towing service liable if law enforcement does not perform these two duties. A strict construction of the statute, which is what the Plaintiffs argue for, does not yield the result they seek. Rather, it would require a loose construction of the statute to hold the towing service liable for failures of the law enforcement personnel to perform their duties.

Plaintiffs, in contrast to their argument for a strict construction, argue for interpreting Ohio Revised Code § 4513.61(F) on the basis of its purpose, which they say was "to place the same binding provisions upon the towing service or storage facility. . . "  But what proof do they have of that purpose? They offer no comment from the sponsors of the bill that added subsection (F) to the statute. Nor do they cite any court which has found that to be the purpose.

Plaintiffs' Motion contains a section dealing with mitigation of damages in conversion cases. Nothing in the in the Order denying pre-judgment replevin speaks to Plaintiffs' conversion claim.

Plaintiffs cite *United States v. Price,* 383 U.S. 787 (1966) for the proposition that a private party that conspires with a public entity to violate a person's constitutional rights can be held liable under 42 U.S.C. § 1983. While that is a correct proposition of law, it has no

4

application to the Order denying pre-judgment replevin. Plaintiffs have not yet established any violation of their constitutional rights by any Defendant or by any public entity acting in concert with any such entity.

Plaintiffs remind this Court of its obligation to apply state law as announced by the highest court of the State in deciding state law questions. (ECF No. 35, PageID 390, citing *National Union Fir Ins. Co. of Pittsburgh v. Alticor, Inc.,* 472 F.3d 436 (6th Cir. 2007). The Court is well aware of this obligation. A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims. 28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).

In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *Id.;  In re Akron-Cleveland Auto Rental,  Inc.,* 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co*., 770 F.2d 601 (6th  Cir. 1985); *Angelotta v. American Broadcasting Corp.,* 820 F.2d 806 (1987). The available data to be considered if the highest court has not spoken include relevant dicta from the state supreme court, decisional law of appellate courts, restatements of law, law review commentaries, and the "majority rule" among other States. *Bailey*, 770 F.2d at 604. "Where a state's highest court has not spoken on a precise

5

issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir.1989); *accord Northland Ins. Co. v. Guardsman Products, Inc*., 141 F.3d 612, 617 (6th Cir.1998); *Melson v. Prime Ins. Syndicate, Inc.*, 429 F. 3d 633, 636 (6th Cir. 2005). This rule applies regardless of whether the appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir. 2000); *Puckett,* 889 F.2d at 1485. *Ziegler v. IBP Hog Market*, 249 F.3d 509, 517 (6th Cir. 2001).

> When deciding an issue of state law, we apply the law of the state's highest court." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 697 (6th Cir. 2006) (citing *Erie*, 304 U.S. at 78). Where the state's highest court has not decided the applicable law, we "must make the best prediction . . . of what the [court] would do if it were confronted with [the] question[,]" *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004) (citations and internal quotation marks omitted), "ascertain[ing] the state law from all relevant data, including the state's intermediate court decisions." Ellis, 455 F.3d at 698 (citations and quotation marks omitted). "[W]here a state appellate court has resolved an issue to which the high court has not spoken, we will normally treat [those] decisions . . . as authoritative absent a strong showing that the state's highest court would decide the issue differently." *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 n.3 (6th Cir. 2000) (citation and quotation marks omitted). An applicable state appellate court decision guides our analysis "regardless of whether the appellate court decision is published or unpublished." *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 517 (6th Cir. 2001). Further, "when given a choice between an interpretation of [state] law which reasonably restricts liability, and one which greatly expands liability, we should choose the narrower and more reasonable path." *Combs*, 354 F.3d at 577 (citations and quotation marks omitted).

*Aarti Hospitality, LLC v. City of Grove City,* 2009 U.S. App. LEXIS 20883, 17-18 (6th Cir. 2009).

6

On the other hand, if "a rule really regulates procedure, -- the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them," then the federal procedural law, including the Federal Rules of Civil Procedure  the  will apply regardless of the basis of jurisdiction. *Sibbach v. Wilson*, 312 U.S. 1, 14 (1940).  Allocation of the burden of proof is a matter governed by state law. *Safeco Ins. Co. of America v. City of White House, Tennessee*, 191 F.3d 675 (6th Cir. 1999).

Plaintiffs conclude their Motion by threatening

> If this Court fails to comply with the United States Constitution, the statutes of the United States, binding precedent of the United States Supreme Court, the statutes and binding precedent of both the United States Sixth Circuit Court of Appeals and the State of Ohio, and the Federal Rules of Civil Procedure, the Plaintiffs will seek the immediate remedy through the Petition for Writ of Mandamus in the appropriate courts that preside over this Court to force compliance and appropriate sanctions.

(Motion, ECF No. 35, PageID 405-06).  Plaintiffs are advised that if they believe they have a proper case for mandamus, the appropriate court which has mandamus jurisdiction over this Court is  the United States Court of Appeals for  the Sixth Circuit whose address is Potter Stewart Courthouse, Cincinnati, Ohio 45202.

Plaintiffs attention is directed to S. D. Ohio Civ. R. 7.2(a)(3) on the required form for memoranda which exceed twenty pages in length.  Any future filings which do not complywith that Rule will be stricken.

Having reconsidered its decision on the pre-judgment replevin request, the Court finds no manifest error of law and declines to change its decision.

May 19, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
