# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL GREENLEE, et al.,

                Plaintiffs,    :    Case No. 3:16-cv-064

- vs -                                    Magistrate Judge Michael R. Merz

SANDY'S TOWING AND RECOVERY,
  INC., et al.,

                Defendants.    :

## DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Plaintiffs' Motion for Summary Judgment (ECF No. 57). Defendants oppose the Motion (ECF No. 60) and Plaintiffs have filed a Reply in support (ECF No. 63).

Fed. R. Civ. P. 56(c) provides:

> (c) Procedures.
>
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

1

>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

No supporting evidentiary materials were filed with the summary judgment motion, including any materials in support of Plaintiffs' claimed damages.  Instead, Plaintiffs rely on findings made by the Court in deciding their motion for pre-judgment replevin (Motion, ECF No. 57, PageID 644-45, citing ECF No. 33, PageID 378-79).

Defendants object to the evidentiary basis of the Motion (ECF No. 60, PageID 680). Plaintiffs make no response to this point other than to repeat, verbatim, the quotation from the replevin decision which is already quoted in their Motion (ECF No. 57, PageID 644-45).

Findings of fact by a judge in support of denial of an interlocutory motion are not listed in Fed. R. Civ. P. 56(c) as materials to be considered on a summary judgment motion.  Although the Rule permits consideration of "other materials," the Court has not been able to locate any authority which sanctions reference to such interlocutory findings.  See Wright, Miller & Kane, Federal Practice and Procedure:  Civil § 2724 (2016).

2

Defendants in this case demanded a trial by jury (ECF Nos. 9, 10, 11, 12, 13). The case was accordingly set at the preliminary pretrial conference for a jury trial (Scheduling Order, ECF No. 32, ¶ 13, PageID 375). To hold Defendants bound by interlocutory factual findings by the Court would tread heavily on their jury trial right. Even absent the jury trial right, Defendants had no notice that anything other than pre-judgment replevin was at issue in the hearing on that Motion. In fairness, they have a right to insist, as they have, that any motion for summary judgment by Plaintiffs be supported as required by Fed. R. Civ. P. 56(c).

Because the instant Motion is not properly supported under Fed. R. Civ. P. 56(c), it is DENIED without consideration of any of the other issues raised in the Motion. The Court notes that six weeks remain until the summary judgment filing deadline of December 15, 2016.

November 2, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge