# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIEL GREENLEE, et al.,

                Plaintiffs,    :    Case No. 3:16-cv-064

  - vs -                              Magistrate Judge Michael R. Merz

SANDY'S TOWING AND RECOVERY,
  INC., et al.,

                Defendants.    :

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs Kiel Greenlee and his mother Gloria Greenlee brought this action pro se to recover damages in connection with the asserted wrongful towing and storage of an automobile by Defendants, a black 1991 Nissan 330ZX 2+2 Twin Turbo Vehicle Identification Number JN1RZ26H9MX501135) (the "Car") .  The case is before the Court on Defendants' Motion for Summary Judgment (ECF No. 67) and Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 72).

The parties consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and District Judge Rice referred the case on that basis (ECF No. 22).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id*.  The opposing party must "do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis.  *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996).  "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

> The moving party
>
>> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  see also, *Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial.  *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n*., 968 F. 2d 606, (6th Cir. 1992).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989).  Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

Unlike the more common cross-motion situation, the parties here do not concede the facts are truly undisputed from the opposing party's perspective as well as their own. Compare Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2720 (1998),

## Analysis

Plaintiffs purport to state claims for relief under 18 U.S.C. § 241 and 242; and 42 U.S.C. § 1983, 1985(3), and 1986 (Complaint, ECF No. 1, PageID 15-16) within the original jurisdiction of this Court for deprivation of their property interests in the Car without due process of law in violation of the Fourteenth Amendment.  They also plead claims under Ohio Revised Code §§ 4513.61, 2913.02, 2913.51, 2307.61, 2906.06, 2909.07, 2905.11, 2903.21, 2921.45 2903.21, 2901.23, 2901.24, and 2307.60.  *Id.*  at PageID 16-22.  The federal claims give rise to jurisdiction under 28 U.S.C. § 1331 and 1343; the supplemental Ohio claims which purport to arise out of the same case or controversy, are within the supplemental jurisdiction of this Court

4

under 28 U.S.C. § 1367. Plaintiffs claim entitlement to damages for all claims for relief in the amount of $570,000,000. *Id.* at PageID 83.

The facts about the incident underlying this suit are set out in the Court's Decision and Order Denying Motion for Pre-Judgment Replevin

> From the testimony presented, the Court finds that Kiel Greenlee was at the residence of Ms. [Angela] Stape, his girlfriend, on East Stroop Road in Montgomery County and left that location after 4:00 A.M. on the morning of November 13, 2013, driving the vehicle. At approximately 4:50 A.M., the vehicle left the roadway (Interstate 75), allegedly as a result of "black ice, and crashed. Mr. Greenlees [sic] testified he remained in the car after the crash for thirty to forty-five minutes, then alighted and walked to the State Route 725 exit from Interstate 75. From there he called his mother who picked him up and they drove together to the site of the crash. They observed a Miami Township Police Officer on the scene, but did not stop to indicate any involvement with the vehicle.
>
> The Miami Township Police left a voicemail for Ms. Greenlee, the titled owner of the vehicle, at about 7:00 A.M. that same morning, reporting that they had caused the car to be towed. Ms. Greenlee testified that her and her son's plan had been to have the car towed by a private firm under a contract they had with Verizon Wireless, but admitted she never advised Miami Township of that intention. Approximately a week after the crash, the Greenlees were notified that the storage charges would be waived if they paid for the tow and retrieved the car. They admittedly did not do so and the vehicle remained in the possession of Sandy's as of the time of the hearing. Indeed, they admitted they have paid nothing to Sandy's as of the date of the hearing [May 12, 2016].

(ECF No. 33, PageID 378-79.)

On the basis of this incident, Plaintiffs brought suit in June 2014 against Miami Township, Ohio, alleging it was vicariously liable for the actions of its agent, Police Officer Albert, in causing the towing of the Car. *Greenlee v. Miami Twp.*, Case No. 3:14-cv-173. Judge

Rice dismissed that case with prejudice. *Greenlee v. Miami Twp.*, 2015 U.S. Dist. LEXIS 18145 (S.D. Ohio Feb. 12, 2015)("*Greenlee 1"*). The Sixth Circuit later dismissed Plaintiffs' appeal for want of prosecution in failing to file a brief (14-cv-173, ECF No. 50).

Defendants assert *Greenlee 1* is a final judgment barring this suit under the doctrine of res judicata (ECF No. 67, PageID 743-49).

In their "Motion in Opposition" (ECF No. 72), Plaintiffs make no mention of the res judicata argument. Instead, they argue that based on certain "indisputable" facts they are the ones entitled to summary judgment. Among the facts thus asserted, they include that Defendants, in towing and storing the Car, acted under color of state law because they engaged in the towing and storage "as joint and willful participants with the Miami Township Police Department" (PageID 777). Indeed, they cite several places in the record where that fact is admitted by Defendants. They repeat their reliance on Ohio Revised Code § 4513.61 as the controlling statute in this case and urge that the towing and storage of the Car without compliance with that statute deprives them of their property without due process of law.

In conjunction with their "Motion in Opposition," Plaintiffs filed a Memorandum in Support (ECF No. 73). Here they claim the res judicata defense is defeated because Defendants were not in privity with Miami Township, the defendant in *Greenelee 1*. *Id.* at PageID 805. Specifically, they claim privity is defeated by Ohio Revised Code § 2744.01(B) which provides a definition of an "employee" of a political subdivision which excludes independent contractors. *Id.* at PageID 806. They assert the same statute bars Defendants' "defense of statutory immunity." They conclude

> Because there is no evidence provided as to a lawful impoundment
> of the Plaintiffs' vehicle, there is no evidence of privity, and thus

6

> the vehicle was obtained by the prohibited acts of theft, pursuant to [Ohio Revised Code §] 2913.02 because there is no evidence of express or implied consent from the Plaintiffs to the Defendants, and thus there is absolutely no existence of a *res judicata* defense. Furthermore, the Defendants have failed to produce any evidence of any kind that they are either an employer or employees of Miami Township, this could have been produced yet again by admissible evidence as previously discussed, but in fact was not.

*Id.* at PageID 808-09. Plaintiffs essentially repeat the same arguments about privity in their Reply in support of their cross-motion for summary judgment (ECF No. 79).

Defendants' Reply in support of their Motion for Summary Judgment provides authority for finding privity on the undisputed facts and also notes that Plaintiffs do not dispute the other two elements of res judicata, to wit, the existence of a final judgment in *Greenlee 1* and identity of the causes of action (ECF No. 77, PageID 77).

Defendants also assert Plaintiffs are barred from presenting any testimony at trial in support of their claims by their failure to identify any lay witnesses and the Court's subsequent Order barring them from presenting evidence. In response, Plaintiffs argue:

> Therefore, this Court made a clearly erroneous decision to completely bar the Plaintiffs from producing evidence and witnesses as this a clear harmless violation as the Plaintiffs did not think that it was necessary to disclose witnesses and evidence that has already been a well-established part of the record since the inception of this action, and the Plaintiffs cannot be barred by calling any of the witnesses listed by the Defendants as they are known to all parties in this action or cross-examination pursuant to Fed. Rule Evid. 61 l(c)(l) and (2). Moreover, the Defendants have not requested such disclosures in discovery nor have they filed a proper motion to compel in accordance with Fed.R.Civ.P. 37(a)(l)(A).

(ECF No. 73, PageID 799.)

Regarding this latter point, Plaintiffs are in error. On May 12, 2016, the Court held an in-person preliminary pretrial conference in which both Plaintiffs personally participated (Scheduling Order, ECF No. 32). After the conference, as required by Fed. R. Civ. P. 16, the Court entered a Scheduling Order which included dates agreed upon by the parties in their Fed. R. Civ. P. 26(f) Report. *Id.* ¶ 4 of that Order requires that by July 15, 2106, the parties identify "lay witnesses with a synopsis of their testimony. . ." Despite their otherwise aggressive pursuit of this case,[1] Plaintiffs made no identification of lay witnesses by the required deadline. Because Plaintiffs are proceeding pro se, the Court did not reflexively enter an order barring witnesses, but instead gave Plaintiffs an opportunity to show cause why a bar order should not be issued (Show Cause Order, ECF No. 52). When Plaintiffs had made no response by a month later, the Court entered the bar order (ECF No. 54).

Plaintiffs offer no authority for their conclusory statement that the bar order is "clearly erroneous." Indeed they confess they took it upon themselves to decide that compliance with the Court's Scheduling Order was unnecessary because the names of the witnesses were well known from the outset of the litigation. Of course, Plaintiffs did not offer this explanation in response to the Order to show cause, but only months later in attempting to avoid the bar order. This is typical of the behavior of Plaintiff Kiel Greenlee in this litigation, who appears to believe he knows the law so much better than the Court that he can ignore plain and direct court orders with impunity, but threaten the Court with a mandamus action when he doesn't get his way (See ECF No. 40, 41, 42 & 43 and the Order of the Sixth Circuit summarily denying mandamus, *In re: Kiel T. Greenlee; Gloria J. Greenlee,* Case No. 16-3766 (6th Cir. Oct. 13, 2016)(unreported;

---

[1] Including four motions for summary judgment and a petition for writ olf mandamus in the Sixth Circuit to compel this Court to grant Plaintiffs summary judgment.

copy at ECF No. 59). Fed. R. Civ. P. 16(f)(1)(c) confirms the authority of the Court to enforce scheduling or other pretrial orders.

Plaintiffs are also in error regarding *res judicata*. "[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006), quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *State of Ohio ex rel Boggs v. Cleveland*, 655 F.3d 516 (6th Cir. 2011). [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948).

*Res judicata* "extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the cause of action arose.'" *Hamilton's Bogarts, Inc., v. Michigan,* 501 F. 3d 644 (6th Cir. 2007), quoting *Walker v. General Tel. Co., 25* F. App'x 332, 336 (6th Cir. 2001).

The claim preclusion branch of res judicata, relied on by Defendants here, prohibits "'the parties or their privies from religitating issues that were raised or could have been raised' in a

9

prior action." *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995)(quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). To find claim preclusion, there must be: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.*; *Blakely v. United States,* 276 F.3d 853 (6th Cir. 2002), citing *Ortiz-Cameron v. Drug Enforcement Admin.*, 139 F. 3rd 4,5 (1st Cir, 1998).

Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Rivet v. Regions Bank of La.,* 522 U.S. 470, 476 (1998)(quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).

As noted, Plaintiffs dispute only the privity element of res judicata. Their argument that privity requires an employer-employee relationship is legally incorrect. "[I]t is well settled that a principal-agent relationship satisfies the privity requirement of *res judicata* where the claims alleged are within the scope of the agency relationship." *ABS Industries, Inc. v. Fifth Third Bank,* 333 Fed. Appx.994, 999-1000 (6th Cir. 2009), citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989) ("Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first cause of action; where there was a 'special relationship' between the defendants in each action, if not complete identity of the parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief -- the courts have denied the plaintiff a second bite of the apple.");

10

*Fiumara v. Fireman's Fund Ins. Co.*, 746 F.2d 87 (1st Cir. 1984) (finding privity for res judicata purposes between agent and principal); *Spector v. El Ranco, Inc.,* 263 F.2d 143, 145 (9th Cir. 1959) ("Where, as here, the relations between two parties are analogous to that principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.").

Plaintiffs do not deny a principal-agent relationship existed between Miami Township and the Sandy's Towing Defendants that resulted in the towing of the Car. Indeed their argument that Sandy's is a state actor liable under 42 U.S.C. § 1983 along with Miami Township depends on their assertion of such a relationship. In addition to the Thoma Affidavit attached to Defendants' summary judgment motion, the same point is proven by Plaintiffs' judicial admission of that relationship.

Plaintiffs have not contested the identity of the causes of action in the two cases. All the claims they make now arises out of precisely the same transaction that formed the basis of *Greenlee 1*. Thus all of Plaintiffs' thirteen separately pleaded claims for relief are barred by res judicata and the Complaint must be dismissed with prejudice on that basis.

Defendants' Motion for Summary Judgment is GRANTED. Plaintiffs' Cross-Motion for Summary Judgment is DENIED. The Clerk will enter judgment dismissing the Complaint herein with prejudice. The Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 9, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge